Gorman Earl McGLONE, Movant,

v.

Betty Aldeane McGLONE, Respondent.

Supreme Court of Kentucky.

March 31, 1981.

Sidney Hanish and Henry K. Jarrett III, Hanish, Davenport, Rosenberg & Weiner, Louisville, for movant.

Paul M. Lewis, Elizabethtown, for respondent.

OPINION OF THE COURT

STEPHENSON, Justice.

In this domestic relations case the trial court found a grant from the Veterans Administration to be marital property and also awarded fee simple title to the parties' residence to a young daughter upon the death of her parents. The Court of Appeals affirmed as to the Veterans Administration grant, but reversed as to the award of the residence to the young child. We granted discretionary review and affirmed the reversal of the award of the residence to the young child. We reverse the Court of Appeals' decision as to the grant being marital property.

Movant is a former career serviceman who retired from the service with total disability. Later movant and respondent were married and one child, now approximately ten years of age, was born to the marriage. Within a short time after being married, the parties constructed a residence which was specially designed to accommodate the requirements of the movant who is restricted to a wheelchair. Movant received a grant of $17,000 from the Veterans Administration to defray the added expense of the special design and special features needed for the handicapped such as movant.

The trial court in the dissolution of marriage judgment awarded child support, maintenance to the respondent, and a life estate in the residence to movant, then a life estate to respondent should movant predecease her, then at the death of both parties fee simple title in the residence to the young daughter.

■ This award of title to the child was clearly erroneous, and we affirm this portion of the Court of Appeals' decision reversing and remanding with directions.

However, we are of the opinion that the trial court and the Court of Appeals erroneously held that the $17,000 grant should be classified as marital property.

Movant contends that the $17,000 grant from the Veterans Administration was a gift to him pursuant to KRS 403.190(2) and should be restored to him as non-marital property.

The statutory authority regulating division of property in a dissolution of marriage proceeding is KRS 403.190, and for the purpose of the problem presented here is KRS 403.190(2), which provides: "For the purpose of this Chapter 'marital property' means all property acquired by either spouse subsequent to the marriage except: (a) property acquired by gift, bequest, devise, or descent; . . . ."

 The Veterans Administration grant was provided to movant pursuant to Title 38, Chapter 21 U.S.C., Sec. 801, et seq. We have reviewed this Act of Congress and are of the opinion from its plain terms it shows that the grant was not entitlement to movant for his military service, but an authorization for the Veterans Administration to make such gifts to a small group of veterans similarly disabled to the extent suffered by movant. The terms of the Act are discretionary in the Veterans Administration and for the sole purpose of providing suitable housing for such veterans.

We are of the further opinion the grant to movant was a gift within the meaning of KRS 403.190(2) and should have been restored to him as non-marital property.

The Court of Appeals relied on *Commissioner of Internal Revenue v. Duberstein,*[1] 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960), for a definition of "gift." We are of the opinion *Duberstein* is not applicable. There the issue was the application of the term "gift" in the context of the Internal Revenue Statute. The court remarked that the statute did not use the term "gift" in the common law sense and that a common

law gift is not necessarily a gift within the meaning of the statute.

We conclude that the term gift although not defined in KRS 403.190 should be given its common sense meaning.

 The Court of Appeals observed that from the record the federal statutory authority could not be ascertained. Respondent complains that the Act of Congress was furnished to this court for the first time during these proceedings. We customarily take judicial notice of Acts of Congress as well as legislation in sister states, so that had this Act of Congress not been furnished in movant's brief, we would nevertheless have obtained it for the purposes of a proper resolution of this matter.

Our disposition of this phase of the case will require the trial court to make a complete reevaluation of division of property, maintenance and child support.

The decision of the Court of Appeals that the federal grant is marital property is reversed and in all other respects affirmed.

All concur.

---

1. Cited as *Duberstein v. United States,* 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960), in the